# U. S. District Court
## Western District of Arkansas (Harrison)
## CIVIL DOCKET FOR CASE #: 3:13–cv–03068–PKH

Stebbins v. Watkins et al
Assigned to: Honorable P. K. Holmes, III
Cause: 42:1983 Civil Rights Act

Date Filed: 07/02/2013
Date Terminated: 09/19/2013
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**David Stebbins**                                 represented by   **David Stebbins**
                                                                    123 W. Ridge Street
                                                                    Apt. D
                                                                    Harrison, AR 72601
                                                                    PRO SE

V.

**Defendant**

**Rhonda Watkins**
*Boone County Circuit Clerk*

**Defendant**

**State of Arkansas**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/02/2013 | 1 | | COMPLAINT with Jury Demand against All Defendants, filed by David Stebbins.(lw) (Entered: 07/02/2013) |
| 07/02/2013 | 2 | | MOTION for Leave to Proceed in forma pauperis, MOTION for Service by David Stebbins. (lw) (Entered: 07/02/2013) |
| 07/02/2013 | | | MOTIONS REFERRED: 2 MOTION for Leave to Proceed in forma pauperis MOTION for Service. Motions referred to Honorable James R. Marschewski.(lw) (Entered: 07/02/2013) |
| 07/02/2013 | 3 | | MOTION for Recusal by David Stebbins. (lw) (Entered: 07/02/2013) |
| 07/03/2013 | 4 | | ORDER DENYING 3 Motion for Recusal. Signed by Honorable P. K. Holmes, III on July 3, 2013. Copy of order mailed to non–CM/ECF participant. (jas) (Entered: 07/03/2013) |
| 09/03/2013 | 5 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 13–2943, in the 8th Circuit Court of Appeals by David Stebbins. (jn) (Entered: 09/03/2013) |
| 09/04/2013 | 6 | 3 | REPORT AND RECOMMENDATIONS re 2 MOTION for Leave to Proceed |

| | | | |
|---|---|---|---|
| | | | in forma pauperis MOTION for Service filed by David Stebbins, 1 Complaint filed by David Stebbins. Objections to RRdue by 9/23/2013. Signed by Honorable James R. Marschewski on September 4, 2013. (lw) (Entered: 09/04/2013) |
| 09/05/2013 | 7 | | JUDGMENT/MANDATE (USCA) RE PETITION FOR WRIT OF MANDAMUS denying 5 Petition for Writ of Mandamus Notice (USCA) filed by David Stebbins (Attachments: # 1 USCA Judgment, # 2 USCA Letter)(jn) (Entered: 09/05/2013) |
| 09/16/2013 | 8 | | MOTION to Amend 1 Complaint or in the Alternative to Merge Cases by David Stebbins. (lw) Modified on 9/17/2013 to edit file date(lw). (Additional attachment(s) added on 9/20/2013: # 1 Signed pleading returned 9/20/13) (lw). (Entered: 09/17/2013) |
| 09/16/2013 | 9 | | OBJECTION to 6 Report and Recommendations by David Stebbins. (lw) (Additional attachment(s) added on 9/20/2013: # 1 Signed pleading returned 9/20/13) (lw). (Entered: 09/17/2013) |
| 09/17/2013 | 10 | | NOTICE OF DEFICIENCY re 9 Objection to Report and Recommendations filed by David Stebbins, and 8 Motion to Amend/Correct filed by David Stebbins See attached document for specifics. (lw) (Entered: 09/17/2013) |
| 09/19/2013 | 11 | 7 | ORDER ADOPTING 6 REPORT AND RECOMMENDATIONS in full. Further, Plaintiff's claims are dismissed with prejudice for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants who are immune from such relief. Signed by Honorable P. K. Holmes, III on September 19, 2013. (lw) (Entered: 09/19/2013) |
| 09/25/2013 | 12 | 10 | NOTICE OF APPEAL as to 11 Order Adopting Report and Recommendations, by David Stebbins. (cc via U.S. Postal Service: David Stebbins ) (lw) (Entered: 09/26/2013) |
| 09/25/2013 | 13 | | MOTION for Leave to Appeal in forma pauperis by David Stebbins. (lw) Modified on 9/26/2013 to edit date filed(lw). (Entered: 09/26/2013) |
| 09/25/2013 | | | MOTIONS REFERRED: 13 MOTION for Leave to Appeal in forma pauperis. Motions referred to Honorable James R. Marschewski.(lw) (Entered: 09/26/2013) |
| 09/26/2013 | 14 | 11 | REPORT AND RECOMMENDATIONS re 13 MOTION for Leave to Appeal in forma pauperis filed by David Stebbins. Objections to RRdue by 10/15/2013. Signed by Honorable James R. Marschewski on September 26, 2013. (sh) (Entered: 09/26/2013) |
| 10/10/2013 | 15 | | OBJECTION to 14 Report and Recommendations by David Stebbins. (rw) (Entered: 10/10/2013) |
| 10/11/2013 | 16 | 13 | ORDER that the court declines to adopt 14 Report and Recommendations and granting Mr. Stebbins's 13 Motion for Leave to Appeal in forma pauperis. Signed by Honorable P. K. Holmes, III on October 11, 2013. (rw) (Entered: 10/11/2013) |
| 10/11/2013 | 17 | 15 | NOA SUPPLEMENT FORM re 12 Notice of Appeal filed by David Stebbins. (lw) (Entered: 10/11/2013) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                              PLAINTIFF

            v.                          Civil No. 13-3068

RHONDA WATKINS, Boone
County Circuit Clerk; and
the STATE OF ARKANSAS                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

David Stebbins submitted this *pro se* action for filing under the provisions of 42 U.S.C. §

1983.  He has also filed a motion for leave to proceed *in forma pauperis* (IFP)(Doc. 2) under 28

U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(e)(2) the court has the obligation to screen any complaint

in which an individual has sought leave to proceed IFP.  28 U.S.C. § 1915(e)(2).  On review, the

court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious,

or fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.

### 1.  Background

According to the allegations of the complaint, Plaintiff filed three lawsuits in the Boone

County Circuit Court.  He submitted IFP applications with each complaint.

Judge Gordon Webb denied all three IFP applications and "subsequently dismissed the

Complaints." (Doc. 1 at pg. 1).  While Rhonda Watkins, the Boone County Circuit Clerk, filed the

complaints and orders, Plaintiff alleges she did not assign case numbers.  Because of her failure to

assign case numbers, Plaintiff states he is "unable to appeal the decisions."

-1-

## II.  Discussion

This case is subject to dismissal.  First, Stebbins' claims against the State of Arkansas are subject to dismissal.  The claims are barred by the Eleventh Amendment.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58  (1989).  "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986)).  "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276).  "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

In his complaint, in apparent anticipation of the Court's screening of the complaint, Plaintiff asserts that Eleventh Amendment immunity, so far as its applies to access to the courts claims, has been abrogated by the case of *Tennessee v. Lane*, 541 U.S. 509 (2004).  This case dealt with the Americans with Disabilities Act and found that Title II of that Act abrogated the Eleventh Amendment immunity of the states.  It has no applicability to this case filed under a completely different statute, 42 U.S.C. § 1983.

Second, his claims against Rhonda Watkins, the Boone County Circuit Court Clerk, are also subject to dismissal.  "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992)(internal quotations marks and citation omitted); *see also Maness v. District of Logan County-Northern Div.,* 495 F.3d 943 (8th Cir. 2007)(clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of

-2-

a judge or according to court rule). However, assigning a case number would appear to be a ministerial act rather than a discretionary function. Thus, Watkins would not enjoy absolute quasi-judicial immunity from suit. *See Antonine v. Byers & Anderson, Inc.,* 508 U.S. 429, 436-37 (1993)(when judicial immunity is extended to officials other than judges, it is because they exercise discretionary judgment as part of their function).

However, qualified immunity has been extended to court clerks for ministerial acts. *See e.g., Maness*, 495 F.3d at 944. Although Plaintiff seeks to distinguish the *Maness* case, his efforts are unavailing. In *Maness,* the Plaintiff, Richard Maness, maintained that the Circuit Court Clerk, Everly Kellar, refused to file his appeal for lack of a filing fee and refused to present his application to proceed IFP to the circuit judge. As a result, Maness' appeal was dismissed.

The Court of Appeals for the Eighth Circuit found that "Maness's claim of access to the courts fails because he cannot show actual injury or prejudice based on Clerk Keller's ministerial decision to not present his petition to a judge." *Id.* at 945. It reached this conclusion for two reasons. *Id.* "First, the Arkansas state courts have made it clear that responsibility for perfecting an appeal rests on the appellant in total and that placing blame on the clerk does not excuse an appellant's failure to do so." *Id.* (citations omitted). "Secondly, we agree with Judge Easterbrook's reasoning in *Snyder v. Nolen,* [380 F.3d 279 (7th Cir. 2004], and find that Maness has not stated a claim for violation of a right of access to the court, 380 F.3d at 292-93 (writing that no claim for access to the courts was stated based upon the fact that the appellant could have appealed the clerk's refusal of his petition within the state system but failed to take advantage of the remedies available to him)." *Maness*, 495 F.3d at 945. The Eighth Circuit concluded that "[b]ased on Arkansas law that places the responsibility for perfecting an appeal on the appellant

-3-

and Maness's apparent failure to pursue any sort of relief in the state courts, before filing the federal claim, we find no violation of Maness's constitutional right of access to the courts." *Id.*

The reasoning of *Maness* clearly applies to this case.  Plaintiff has alleged that he attempted to obtain relief from the state courts in connection with Watkins' refusal to assign a case numbers to his complaints.

### III.  Conclusion

I therefore recommend that the motion to proceed IFP (Doc. 2) be denied and the complaint be dismissed.  28 U.S.C. § 1915(e)(2)(B)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of September 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-4-

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                    PLAINTIFF

v.                          Case No. 3:13-CV-03068

RHONDA WATKINS, Boone County Circuit Clerk;
and STATE OF ARKANSAS                                            DEFENDANTS

## O R D E R

Currently before the Court is the Report and Recommendation (Doc. 6) filed in this case on

September 4, 2013, by the Honorable James R. Marschewski, Chief United States Magistrate Judge

for the Western District of Arkansas.  Also before the Court are Plaintiff's objections (Doc. 9).[1]  For

the reasons stated below, the Court ADOPTS the Report and Recommendation and finds that

Plaintiffs' motion (Doc. 2) for leave to proceed *in forma pauperis* and for service should be denied.

The Court has conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), as to Mr.

Stebbins's objections, and finds as follows:

Mr. Stebbins's claims for damages and relief in this case is improper as he should have first

looked to the state courts for relief, as found by the Magistrate.  Arkansas allows for orders to be

issued directing public officials to act when they have a duty to do so.  The Arkansas Supreme Court

has held that "mandamus is an appropriate remedy when a public officer is called upon to do a plain

and specific duty, which is required by law and which requires no exercise of discretion or official

judgment." *Clowers v. Lassiter*, 363 Ark. 241, 244 (2005).  Mr. Stebbins "is in the wrong legal

---

[1] A notice of deficiency has been sent out regarding Plaintiff's objections, finding the objections to be deficient as they are unsigned.  For purposes of expediting this matter, the Court will overlook the deficiency and consider the objections.

system, seeking the wrong relief.  Perhaps his lack of counsel in the state litigation is responsible. [Mr. Stebbins's] status as a legal amateur does not, however, excuse his failure to take the steps provided or required by the judicial system. His ignorance of the right way to proceed certainly does not support an award of damages against a clerk of court."  *Snyder v. Nolen*, 380 F.3d 279, 292 (7th Cir. 2004) (J. Easterbrook, concurring) (finding that no claim for access to the courts was stated because appellant had available recourse in state court system and citing to Illinois mandamus law) (reasoning adopted by *Maness v. Dist. Court of Logan County—Northern Div.*, 495 F.3d 943, 945).

This decision should in no way be seen as binding on the state court.  The Court in no way expresses an opinion that it believes that Mr. Stebbins should be entitled to any relief he seeks, or may have sought, in state court.  Indeed, Mr. Stebbins's pleadings are insufficient to allow for any meaningful review of the merits of Mr. Stebbins underlying claim.  Without reviewing the state court's orders or Mr. Stebbins's state court complaints or affidavits to proceed *in forma pauperis*, the Court has no way of analyzing whether Mr. Stebbins might be able to state a claim for relief in state court.  The Court can only find that he has not stated a claim for relief that is cognizable in this Court.

The Court finds, after careful review, that Mr. Stebbins's objections offer neither law nor fact requiring departure from the report and recommendation of the Magistrate.  The report and recommendation will therefore be adopted in full.

Also before the Court is Mr. Stebbins's motion (Doc. 8) to amend the complaint or to merge cases.  The Court declines to allow Mr. Stebbins to amend his complaint to state an entirely new claim.  Any new claims will have to be made through the filing of a new complaint in accordance with the restrictions this Court has previously imposed on Mr. Stebbins.  As this matter is subject

-2-

to dismissal, the Court also declines to consolidate this case with Mr. Stebbins's current case against Boone County.  Furthermore, the two cases do not and did not involve common questions of law or fact sufficient to warrant consolidation.

For all the reasons set forth above, IT IS ORDERED that the Report and Recommendation (Doc. 6) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* and for service is DENIED.  Plaintiff's claims are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants who are immune from such relief.[2]

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 8) to amend complaint or in the alternative to merge cases is DENIED.

IT IS SO ORDERED this 19th day of September, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[2] To the extent that Plaintiff seeks injunctive relief, he seeks relief in the wrong court.

-3-

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 2 5 2013

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                    **PLAINTIFF**

VS.                              **CASE NO. 13-3068**

**RHONDA WATKINS & STATE OF ARKANSAS**                **DEFENDANT**

### NOTICE OF APPEAL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following notice of appeal in the above-styled action.

1. The District Court erred in finding that Plaintiff could have pursued mandamus relief in the State Courts (mandamus relief was unavailable to Plaintiff for the same reasons that regular appeal was unavailable).

2. The District Court erred in refusing to permit Plaintiff to amend his Complaint, as he was entitled to to do so under Fed. R. Civ. P. 15(a).

The Court is so notified this 24th day of September, 2013.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                          PLAINTIFF

        v.                          Civil No. 13-3068

RHONDA WATKINS, Boone
County Circuit Clerk; and
the STATE OF ARKANSAS                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the undersigned for report and recommendation is the Plaintiff's motion for leave to appeal *in forma pauperis* (IFP) (Doc. 13).   Stebbins filed this action pursuant to 42 U.S.C. § 1983 on July 2, 2013.  He named as Defendants the Boone County Circuit Clerk Rhonda Watkins and the State of Arkansas.

As was discussed in greater detail in the report and recommendation filed on September 4, 2013 (Doc. 6), and adopted on September 19, 2013 (Doc. 11), all of Stebbins' claims were subject to dismissal.  First, Stebbins' claims against the State of Arkansas were dismissed as barred by the Eleventh Amendment.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58  (1989). Second, Rhonda Watkins, the Boone County Circuit Court Clerk, was found to be entitled to qualified immunity.  *Maness v. District of Logan County-Northern Div.,* 495 F.3d 943 (8th Cir. 2007)(clerks entitled to qualified immunity for ministerial acts).

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  As all claims were clearly

-1-

frivolous and/or asserted against parties immune from suit, any appeal would not be taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

I therefore recommend that the motion for leave to appeal IFP be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3).  I further recommend that the Clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act.  Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit.  Fed. R. App. P. 24(a).

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of September 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                      PLAINTIFF

v.                                        Case No. 3:13-CV-03068

RHONDA WATKINS, Boone County Circuit Clerk;
and STATE OF ARKANSAS                                                        DEFENDANTS

**O R D E R**

Currently before the Court is the report and recommendations (Doc. 14) filed in this case on

September 26, 2013, by the Honorable James R. Marschewski, Chief United States Magistrate Judge

for the Western District of Arkansas.  Also before the Court are Plaintiff's objections (Doc. 15).

Mr. Stebbins states that the Magistrate Judge recommended denying Mr. Stebbins's motion

based first on the fact that the Court has placed certain restrictions on Mr. Stebbins's ability to file

cases in this District.  Mr. Stebbins argues at some length as to why his appeal is not affected by

those restrictions.  Mr. Stebbins's arguments are misplaced, as the Magistrate's report did not include

any statement that Mr. Stebbins's ability to appeal *in forma pauperis* in this case should be affected

by the filing restrictions in place.

Mr. Stebbins also objects to the Magistrate's finding that his claims were frivolous and/or

asserted against parties immune from suit such that any appeal would not be taken in good faith.  Mr.

Stebbins characterizes the Magistrate's position as denying him the ability to appeal *in forma*

*pauperis* simply because Mr. Stebbins does not agree with the Court's previous findings.  The

Magistrate's statement, however, is backed by the Court's previous reasoning as to Mr. Stebbins's

claims, as set forth both in the Magistrate's report and recommendation and in the Court's order

-1-

adopting the report and recommendation.   Given that reasoning, the Court finds that the meritoriousness of any appeal attempt is certainly questionable.   The Court also notes that the continuing viability of the case cited to by Mr. Stebbins in his objections is also questionable in light of developing jurisprudence since that opinion was entered.

However, the Court will decline to adopt the report and recommendation in this case and allow Mr. Stebbins to proceed *in forma pauperis* on appeal.   The Court also clarifies that it does not appear that the Prison Litigation Reform Act applies in this case.   It appears that inclusion of reference or citation to that Act in the Magistrate's report and recommendation was inadvertent error and not "evidence of the Plaintiff's theory that Marschewski and Holmes simply just want Plaintiff off their docket and out of their lives."  (Doc. 15).

For all the reasons set forth above, IT IS ORDERED that the Court DECLINES TO ADOPT the report and recommendation (Doc. 14).

IT IS FURTHER ORDERED that Mr. Stebbins's motion (Doc. 13) for leave to appeal *in forma pauperis* is GRANTED.

IT IS SO ORDERED this 11th day of October, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

-2-

## U.S. COURT OF APPEALS  – EIGHTH CIRCUIT

### NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case)

United States District Court -  Western District of Arkansas - Harrison Division

Civil Case Number: 3:13CV3068

David Stebbins v. Rhonda Watkins, et al

|  |  |  |
|---|---|---|
| Financial Status: Fee Paid? | Yes ____ | No _X_ |
| If NO, has IFP been granted? | Yes _X_ | No ____ |
| Is there a pending motion for IFP? | Yes ____ | No _X_ |

Are there any other post - judgment motions?　　　Yes ____　　No _X_

Please identify the court reporter.

If no court reporter, please check _X_

**Criminal cases only:**

Is the defendant incarcerated?　　　Yes _____　　No _____

**Special Comments**.