# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

DAVID STEBBINS                                                                          APPELLANT

VS.                                               CASE NO. 13-3288

RHONDA WATKINS & STATE OF ARKANSAS                                 APPELLEE

## PETITION FOR REHEARING BY PANEL AND EN BANC

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Rehearing either by panel or *en banc*.

1.  Pursuant to Fed. R. App. P. 35(b)(1), Plaintiff issues the following statement: The panel decision conflicts with a decision of the United States Supreme Court, and thus, an *en banc* review is necessary to maintain uniformity in the Court's decisions.

2.  Specifically, the Panel's decision is in conflict with the binding precedent of *ex parte Young*, 209 US 123, 160 (1908), which clearly states "If the question of unconstitutionality with reference, at least, to the Federal Constitution be first raised in a Federal court that court, as we think is shown by the authorities cited hereafter, has the right to decide it **to the exclusion of all other courts**." This is clearly in contradiction to the 8th Circuit's current precedent requiring unconstitutional actions by state court clerks to be resolved exclusively in the state court system.

3.  In addition to this, pursuant to Fed. R. App. P. 35(b)(1)(B), this case presents a question of exceptional importance in that it involves an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue. Specifically, this precedent conflicts with the precedents of …

    (a)     Williams v. Wood, 612 F. 2d 982, 986 (5th Cir. 1980) ("[Defendant], of course, disagrees with these allegations. [Plaintiff] has, however, alleged facts that, if true, would overcome Wood's qualified immunity and would justify relief. We do not reflect any view as

to the verity of his allegations").

(b)     Shipp v. Todd, 568 F. 2d 133, 134 (9th Cir. 1978) ("Appellee argues and we agree that the Civil Rights Act does not abrogate the [sovereign] immunity accorded him in the exercise of his judicial functions. That immunity, however, is limited to actions for damages and does not extend to suits for injunctive relief," and citing the precedent of *Ex Parte Young*).

(c)     McCray v. State of Maryland, 456 F. 2d 1, 6 (4th Cir. 1972) ("'If plaintiff's allegations are true, it is clear that his constitutionally based right of access to courts has been violated. Of what avail is it to the individual to arm him with a panoply of constitutional rights if, when he seeks to vindicate them, the courtroom door can be hermetically sealed against him by a functionary who, by refusal or neglect, impedes the filing of his papers? Viewing plaintiff's complaint with the liberality customarily afforded pro se pleadings, it is unmistakably clear from the face of the complaint that it sufficiently alleges that he was barred access to the courts. This denial of a constitutional right of momentous importance is redressable under section 1983.

4.     As for the issues that the Panel overlooked[1], Plaintiff asserts that the court erroneously cited the Arkansas precedent of *Clowers v. Lassiter* to support its implicit claim that Appellant had remedies available at the state level. Plaintiff already explained to this court how this precedent does not provide Plaintiff with a proper remedy because the state puts *in forma pauperis* litigants in a catch-22. This court has an obligation to review and adjudicate all arguments that are properly presented to the Court.

5.     In addition, this Court acted completely arbitrary when it found that Appellant's amended complaint failed to state a claim upon which relief can be granted. It cited the precedent of

---

[1] Appellant put the above-three paragraphs first specifically because Fed. R. App. P. 35(b)(1) specifically stated that the Petition "must begin with" that statement.

Santiago v. Blair, 707 F.3d 984, 991–92 (8th Cir. 2013).

6. This is 100% not related in any way, shape, or form to Appellant's amended complaint. The most glaring difference between that precedent and the instant case is that … that concerned a claim for *First Amendment* retaliation, and Appellant's amended complaint alleged *ADA* retaliation.

7. This is an important distinction to make, and not just because of the lack of 11th Amendment immunity, either.  The torts require two completely different sets of elements to be proven by the Plaintiff in order to prevail on the claims.

8. According to *Santiago v. Blair*, "To prevail on a § 1983 claim for retaliation in violation of the First Amendment, Santiago must demonstrate (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity."

9. On the other hand, Appellant's amended complaint is governed by the precedent of *Lenzen v. Workers Compensation Reinsurance Association*, 705 F. 3d 816 (8th Cir. 2013), which states, in pertinent part, the following:

> "To establish a *prima facie* case of ADA retaliation, [the Plaintiff] must show that (s)he engaged in protected activity based on a reasonable good faith belief that an agent of the [Defendant] was engaging in disability discrimination, and suffered an adverse … action causally linked to that protected conduct." *Id* at 821.

10. They *appear* to be the same, but a closer look reveals otherwise.  The main difference is that ADA retaliation does not require a showing that the adverse action "would chill a person of ordinary firmness."  This appears to be the one element Appellant did not allege in his amended complaint, and thus, it appears to be the element upon which this Court relies.  Therefore, the fact that this element is not required should shift the Court's decision.

11. For this reason, the Court (either by Panel or *en banc*) should vacate its order affirming the District Court's denial of leave to amend, as Appellant has clearly alleged all the elements that he is *required* to raise in an ADA retaliation case.

12. Last but not least, this Court stated that there were "other reasons" for affirming the District Court's refusal of leave to amend. Appellant asks the Court to clarify these reasons. If Appellant is to seek review of the Supreme Court, he needs to know whether or not an over-turning of this opinion would even materially affect the outcome of the case.

For all of the above-stated reasons, Appellant asks the Court to reverse its prior decision, or at the very least provide better clarification regarding its stance on the case.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
stebbinsd@yahoo.com